UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

    Elizabeth Rider, et al. v. Regions Financial Corporation, et al.,    )
        E.D. Arkansas, C.A. No. 4:11-375    )    MDL No. 2036


**TRANSFER ORDER**


    **Before the Panel**:[*] Plaintiffs in this action (*Rider*) moved the Panel to vacate its order conditionally transferring her action to MDL No. 2036.[1] Defendants Regions Bank, Inc., and Regions Financial Corporation (collectively Regions) support the motion, while the MDL Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee oppose it.

    After considering all argument of counsel, we find that *Rider* involves common questions of fact with the overdraft actions previously transferred to MDL No. 2036, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization of actions sharing "factual questions relating to the imposition of overdraft fees by various bank defendants on their customer[s'] checking accounts in a manner to maximize those fees." *See In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009). A review of the complaint in *Rider* leaves no doubt that the action shares factual issues with those already in the MDL, including issues arising from allegations regarding the re-sequencing of debit transactions by Regions.

    In opposing transfer, Regions argues that the Eastern District of Arkansas court should be allowed to rule on its motion to compel arbitration, and that the motion certainly will be granted in light of the Supreme Court's recent decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). We have previously rejected the argument that the pendency of such a motion is sufficient

---

[*]     Judge Paul J. Barbadoro and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1]     Although plaintiffs withdrew the motion on the eve of the Panel's hearing session, we do not deem the matter moot. Responding defendants represent that they would have filed a separate motion to vacate (rather than just a brief in support of plaintiffs' motion), but that they were unable to do so because they were not timely served with the conditional transfer order. *See* Rule 7.1(c), (f). In these circumstances, we hold that the issue of transfer remains a "live" controversy.

- 2 -

to defeat transfer, noting that this issue has been presented to the transferee judge on numerous occasions. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 718 F. Supp. 2d 1352 (S.D. Fla. 2010). The *Concepcion* decision does not alter the analysis here. In another action against Regions (*Hough*) already in the MDL, the transferee judge ruled – pre-*Concepcion* – that the class action waiver, and therefore the arbitration clause, in the Regions deposit agreement was substantively unconscionable. Regions appealed that ruling, and the United States Court of Appeals for the Eleventh Circuit recently vacated and remanded for reconsideration in light of *Concepcion*. Thus, because the applicability of the Supreme Court's recent decision to the arbitration clause in the Regions deposit agreement is before the transferee judge in *Hough*, we believe it appropriate to transfer *Rider*, an action that appears to involve the very same issue, for his consideration as well.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the *Rider* action is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |